UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VIVIEN FINCH,

                Plaintiff,

    v.

UNITED STATES OF AMERICA,

                Defendant.

Case No. 3:25-cv-00494-MMD-CLB

ORDER

## I.    SUMMARY

Plaintiff asserts claims against the United States under the Federal Tort Claims Act ("FTCA") based on inadequate care given to her husband, causing his "untimely death." (ECF No. 15.) Before the Court is Defendant's motion to dismiss. (ECF No. 22 ("Motion").)[1] For reasons discussed below, the Court grants the Motion.

## II.    BACKGROUND[2]

This lawsuit arises from the care that Plaintiff's husband, Brendan Finch, received at the Veterans Hospital in Reno from January to February 2023. (ECF No. 15 at 4,11.) Plaintiff alleges that a breach of professional duty of care for Mr. Finch, including failing to "meet the standard of care" and timely transfer him for care at another facility "caused his untimely death." (*Id.* at 6-10.)  Plaintiff alleges claims for wrongful death, medical malpractice,[3] and negligence under the FTCA.

---

[1]Plaintiff responded (ECF No. 24) and Defendant replied (ECF No. 25).

[2]The following facts are adapted from Plaintiff's First Amended Complaint (ECF No. 15 ("FAC")) and the documents attached to the FAC.

[3]The Court construes Plaintiff's characterization of the claim she describes as "breach of sworn duty . . . caused [her husband's] untimely death and "pharmaceutical mishandling" as attempting to assert a medical malpractice claim relating to his treatment. (ECF No. 15 at 4.)

## III.   DISCUSSION

Defendant asks the Court to dismiss this action on two separate grounds: (1) Plaintiff fails to include a medical expert affidavit to support a medical malpractice claim as required under NRS § 41A.071; and (2) Plaintiff's allegations are too conclusory to state a claim for relief. (ECF No. 22.) The Court agrees with Defendant's first argument and accordingly declines to reach the second argument.

The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v.* King, 592 U.S. 209, 210 (2021). The applicable substantive rules of tort law for claims under the FTCA are supplied by "the law of the place where the act or omission occurred."   *See* 28 U.S.C. § 1346(b)(1). As Defendant argues, because Plaintiff alleges that the medical misconduct occurred at the Veterans Hospital in Reno, Nevada law applies. (ECF No. 22 at 4.) Nevada law requires dismissal of a lawsuit alleging professional negligence that does not include an affidavit by a qualified medical expert that contains certain information, including "factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms." NRS § 41A.071. Moreover, a plaintiff cannot cure the failure to include the required affidavit by filing an amended complaint. *See Washoe Med. Ctr. v. Second Jud. Dist. Ct.,* 148 P.3d 790, 794 (Nev. 2006) (finding that a medical malpractice complaint filed without a supporting medical expert affidavit in compliance with NRS § 41A.071 "is void ad initio, it does not legally exist and thus it cannot be amended.")

Here, the gist of Plaintiff's claims involved negligence in the medical treatment of her husband, causing his untimely death. (ECF No. 15.) Because the FAC does not include the required affidavit of a medical expert, the Court must dismiss the FAC without prejudice but without leave to amend.

///

///

///

///

2

## IV.    CONCLUSION

The Court notes that the United States made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 22) is granted. Dismissal is without prejudice but without leave to amend. Plaintiff will need to include the required affidavit of a medical expert with a complaint if she wishes to file a new lawsuit.

It is further ordered that Defendant's motion to stay discovery (ECF No. 32) is denied as moot.

The Clerk of Court is kindly directed to enter judgment in accordance with this order and close this case.

DATED THIS 10th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE